IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,269-02






EX PARTE RANDLE EUGENE McKINNEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-0255X IN THE 71ST DISTRICT COURT


FROM HARRISON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and was
sentenced to twenty-eight years' imprisonment. He did not appeal the conviction. 

 Applicant argues that his mistaken understanding of parole eligibility based on
misinformation counsel conveyed to him rendered his guilty plea involuntary. He contends that trial
counsel told him he would become eligible for parole after serving seven years of his twenty-eight
year sentence but that the advice proved to be incorrect. 


 In Ex parte Moussazadeh, 361 S.W.3d 684 (Tex.Crim.App 2012), this Court vacated a guilty-plea conviction and remanded the applicant for a new trial where the applicant's trial counsel had
given misinformation regarding parole eligibility. Because Moussazadeh was decided after
Applicant's initial writ application challenging this conviction was filed, it constitutes a new legal
basis upon which Applicant may properly raise his claim. See Tex. Code Crim. Proc. art. 11.07
§ 4(a)(1); Ex parte Chavez, 371 S.W.3d 200, 205 (Tex.Crim.App. 2012).

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294 (Tex.Crim.App.
1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain a
response from trial counsel regarding what advice, if any, trial counsel gave Applicant concerning
eligibility for parole for this conviction. To resolve disputed factual issues, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 3, 2012

Do not publish